**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEVIN R. BRYARS,<br>          Appellant, | DOCKET NUMBER<br>DA-315I-18-0065-I-1 |
|      v. | |
| DEPARTMENT OF THE AIR FORCE,<br>          Agency. | DATE: May 16, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin R. Bryars, Moore, Oklahoma, pro se.

Telin W. Ozier, Tinker Air Force Base, Oklahoma, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On review, the appellant first asserts that the agency's decision to demote him 4 months into his supervisory probationary period was procedurally deficient and that the agency failed to train him properly during the probationary period. Petition for Review (PFR) File, Tab 1 at 4.[2] For the reasons set forth in the initial decision, we agree with the administrative judge that the Board lacks jurisdiction over this appeal. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 2-5. Absent an otherwise appealable action, the Board cannot adjudicate claims of harmful procedural error or prohibited personnel practices. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

¶3 The appellant also asserts that the agency demoted him during his supervisory probationary period in retaliation for whistleblowing. PFR File, Tab 1 at 4. Although the appellant's filings were generally vague and lacked

---

[2] The appellant attaches a number of documents to his petition for review. PFR File, Tab 1 at 5-11. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not described why he could not provide these documents to the administrative judge, and we find that they are immaterial to the dispositive issue of the Board's jurisdiction over his appeal. Some of the documents are already part of the record below and do not constitute new evidence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

detailed arguments about retaliation, IAF, Tabs 1, 6, he clearly and explicitly asserted whistleblower retaliation in his supplemental filing before the administrative judge issued the initial decision, IAF, Tab 9 at 3. The administrative judge never apprised the appellant of the burden of proof to establish jurisdiction in an individual right of action (IRA) appeal, including the requirement to exhaust administrative remedies with the Office of Special Counsel (OSC), prior to issuing the initial decision nor in the initial decision itself. IAF, Tabs 2-3; ID at 2-5; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that an appellant must receive explicit information on what is required to establish Board jurisdiction before dismissing a claim for lack of jurisdiction); *see also Washington v. Department of the Navy*, 75 M.S.P.R. 150, 153-54 (1997) (finding that, although the jurisdictional notice was adequate at the time it was issued, the administrative judge should have afforded the appellant further jurisdictional notice when the parties filed evidence and argument implicating further jurisdictional issues).

¶4      Under the circumstances of this case, however, we find that any lack of notice was harmless and did not affect the appellant's substantive rights. The undisputed record evidence shows, and the appellant certified under penalty of perjury, that he did not file any complaint with OSC, which is a prerequisite to filing an IRA appeal with the Board. IAF, Tab 1, Tab 9 at 4; PFR File, Tab 1; *see Flores v. Department of the Army*, 98 M.S.P.R. 427, ¶¶ 8-9 (2005). Thus, the Board lacks jurisdiction over this appeal as an IRA appeal. *See Flores*, 98 M.S.P.R. 427, ¶¶ 8-9; *see also Hudson v. Office of Personnel Management*, 114 M.S.P.R. 669, ¶ 11 (2010) (finding that the lack of jurisdictional notice did not affect the appellant's substantive rights because the Board clearly lacked jurisdiction over the appeal). Moreover, a different administrative judge in the appellant's second demotion appeal specifically apprised him of IRA appeal jurisdictional requirements before dismissing that appeal for adjudicatory efficiency and noted that the appellant certified under penalty of perjury that he

had not filed any complaint with OSC. *Bryars v. Department of the Air Force*, MSPB Docket No. DA-315I-18-0179-I-1, Initial Decision at 3 n.1 (Feb. 22, 2018). Thus, the record in that appeal further supports our finding that the appellant has not exhausted his administrative remedies with OSC and a remand in this appeal would be futile. *See Hudson*, 114 M.S.P.R. 669, ¶ 11. Nothing prevents the appellant from timely filing an IRA appeal with the Board after exhausting his administrative remedies with OSC.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.